UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| MICHAEL L. ROGERS, *Plaintiff*, v. CHIEF HOLLAND, et al., *Defendants*. | ) ) ) ) ) ) ) ) ) | Case No. 1:25-cv-119 Judge Travis R. McDonough Magistrate Judge Christopher H Steger |

---

**MEMORANDUM AND ORDER**

---

Before the Court is a motion to dismiss filed by defendants Chief Holland, Lieutenant Watson, Sergeant Podwys, and Deputy Jarrett Sapp ("Defendants") (Doc. 13). Plaintiff failed to respond to Defendants' motion. For the following reasons, the Court will **GRANT** Defendants' motion (Doc. 13) and **DISMISS** this action.

## I. BACKGROUND[1]

On March 19, 2024, Plaintiff called 9-1-1 and informed dispatch that he had a firearm and intended to commit suicide. (Doc. 2, at 2.) Defendants, all employees of the Bledsoe County Sheriff's Department, reported to the scene. (*Id.*) After a brief standoff, Plaintiff surrendered without altercation and was arrested. (*Id.*) Defendants charged Plaintiff with reckless endangerment and placed him in custody. (*Id.*) Plaintiff did not receive any mental-

[1] This summary of the facts accepts all the factual allegations in Plaintiff's complaint as true. *See Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

health intervention and was released from custody the next day. (*Id.* at 3.) The charges were ultimately dismissed without issuance of an indictment approximately a year later. (*Id.*)

Plaintiff brings claims against Defendants under 18 U.S.C. § 241 for "conspiracy against rights," 18 U.S.C § 242 for "deprivation of rights under color of law," and 42 U.S.C § 1983 for violation of the Fourteenth Amendment.

## II. STANDARD OF LAW

### A. Federal Rule of Civil Procedure 12(b)(6)

A defendant may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must accept all factual allegations in the complaint as true and construe the complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009); *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court is not, however, bound to accept bare assertions of legal conclusions as true. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. The court must determine whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). To survive dismissal, the complaint must contain direct or inferential allegations respecting all material elements of a viable legal theory. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 678.

While the statute of limitations is an affirmative defense, when allegations in the complaint "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013) ("[D]ismissal is warranted if 'the allegations in the complaint affirmatively show that the claim is time-barred.'") (quoting *Cataldo v. U.S. Steel Corp.,* 676 F.3d 542, 547 (6th Cir. 2012).

Finally, filings by pro se litigants are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, though they must still comply with the rules of procedure. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**B. Plaintiff's Failure to Respond**

Local Rule 7.1(a)(2) specifies that a plaintiff has twenty-one days to respond to a dispositive motion. Under Local Rule 7.2, a failure to respond may be deemed a "waiver of any opposition to the relief sought." However, the Court of Appeals for the Sixth Circuit has held that a district court cannot grant a motion to dismiss solely based on a procedural defect or a failure to respond. *See Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991). As the Supreme Court has articulated, "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957). Accordingly, the Court must independently evaluate the substantive merits of the motion to determine whether the amended complaint meets federal pleading standards.

## III. <u>DISCUSSION</u>

"Because § 1983 does not contain a statute of limitations, we look to the state where the events happened and apply its personal injury statute of limitations." *Allen v. Fait*, No. 23-6052, 2025 WL 488681, at *2 (6th Cir. Feb. 13, 2025) (citing *Reguli v. Russ*, 109 F.4th 874, 879 (6th Cir. 2024)). In Tennessee, personal-injury actions are subject to a one-year statute of limitations, and, as a result, the statute of limitations applied to Plaintiff's §1983 claims is also one year. *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012); Tenn. Code Ann. § 28-3-104(a)(1)(B).

Federal law governs when the statute of limitations begins to run. *Eidson v. State of Tenn. Dep't of Children's Servs*., 510 F.3d 631, 635 (6th Cir. 2007) (citations omitted). The Sixth Circuit has stated that, in determining when the statute of limitations begins to run, courts look to "what event should have alerted the typical lay person to protect his or her rights." *Dibrell v. Rex*, No. 25-5334, 2025 WL 3285587, at *3 (6th Cir. Nov. 25, 2025) (quoting *Beaver St. Invs., LLC v. Summit Cnty.*, 65 F.4th 822, 826 (6th Cir. 2023)).

The events underlying Plaintiff's complaint occurred on March 19, 2024 (Doc. 2, at 2–3). Here, a typical lay person would have understood that his rights had been violated at this time. Thus, the statute of limitations commenced at the time of the incident, in this case, and, at the latest, when Plaintiff was released from custody on the morning of March 20, 2024. (*Id.* at 3.)

However, Plaintiff did not file his complaint until April 8, 2025, over one year after the incident at issue took place. (*Id.* at 4.) Accordingly, the complaint does not provide "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. On the face of the complaint, Plaintiff's claims are time-barred and cannot meet the federal pleading standards to state a claim upon which relief can be granted. (*Id.*) Additionally,

Plaintiff did not respond to Defendants' motion, effectively waiving "any opposition to the relief sought." E.D. Tenn. L.R. 7.2. Thus, dismissal of Plaintiff's claims under § 1983 is appropriate.

Lastly, 18 U.S.C. §§ 241 and 242 are criminal statutes. They are "directed to the criminal violation of civil rights, [and do] not grant a blanket investigatory power to be invoked by a citizen." *United States v. Oguaju*, 76 F. App'x 579, 580 (6th Cir. 2003). Thus, there is no private right of action for either statute, and dismissal of these claims is appropriate. *Id.* at 580–81 (dismissing claims under §§ 241 and 242 because there is "no private right of action under either of these criminal statutes") (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994)).

## IV. CONCLUSION

Defendants' motion to dismiss (Doc. 13) is **GRANTED**. Plaintiff's complaint (Doc. 2) is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

***/s/ Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**